FREDERICK KRUEGER

V.

CHARLES A. THIEMANN AND M. BRAND BREWING COMPANY.

*Personal Injuries—Negligence of Superintendent—Evidence—Instructions.*

In an action brought for the recovery of damages for personal injuries alleged to have been occasioned through defendant's negligence, this court holds as erroneous, the exclusion of evidence proffered by the plaintiff touching the relations of the two defendants, and the action of the trial court in deciding, by a peremptory instruction to find for the defendants, certain questions which should have been submitted to the jury with proper instructions.

[Opinion filed May 28, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Sears & Arnd, for appel'ant.

Mr. Edmund Furthmann, for appellees.

Garnett, J.   This was an action on the case for personal injury, which appellant alleges he received through the negligence of appellees.   The Michael Brand Brewing Company was the owner of a building in which it was engaged in making some alterations.   In the progress of the work the floor in the second story was torn up, and iron beams for a new floor were required to be hoisted by a derrick from the first to the second floor of the structure.   Thiemann was the superintendent in charge of the work.   He directed where the derrick should be stationed; he employed appellant, and gave orders to him and the other hands who were assisting in the raising of the beams.   At the time in question, two bricklayers in the employ of the Brewing Company were laying bricks in the second story to make resting places for the beams. All the beams but one had been raised to the second floor, and Thiemann was present, giving orders as to the manner in which that one should be raised.   He stood on one side of the derrick, holding the rope attached thereto.   He ordered one of the workman, Neuenfeldt, to put the rope around the beam, which was done, and then directed appellant to hold the beam, and balance it so that it would not strike the column of the building while rising.   Appellant held the beam as

directed, and Thiemann, as soon as Neuenfeldt said he was ready, gave the order to " hoist away."

The crank was turned by another workman, and the slack of the rope was being taken up when the rope struck a beam on the second floor, throwing it down upon appellant and causing the injury complained of. The evidence introduced by appellant certainly had a tendency to prove all the facts stated. Appellees offered no evidence, but the court instructed the jury to return a verdict for the defendants. Motion for new trial was overruled, and judgment rendered on the verdict. The plaintiff appeals.

The exact relations between Thiemann and the Brewing Company are not disclosed by the evidence. Appellant attempted to show that Thiemann was engaged on the job by contract with the Brewing Company, but the evidence was rejected. What the facts are, in this respect, may be important to the Brewing Company, as well as to the plaintiff. If Thiemann was not employed at all, or was an independent contractor, the company might not be liable for his neglect. Village of Jefferson v. Chapman, 127 Ill. 438; Cooley on Torts, 643, *et seq.* On the other hand, the right of recovery against the company may depend upon its employment of Thiemann (although the presumption is that he was engaged in its service—City of Chicago v. Johnson, 53 Ills. 93), and therefore the evidence should have been admitted. But the facts which the evidence tended to prove made a *prima facie* case for the plaintiff, and should have been submitted to the jury, with proper instructions. Whether Thiemann was negligent in failing to have the beams secured on the second floor, so that they would not be thrown off by the operation of the derrick below, and whether he was guilty of negligence in managing the derrick, were questions of fact for the jury, and the court erred in deciding them by a peremptory instruction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*