### Emily Cole, Appellee, v. City of East St. Louis, Appellant.

1. NEGLIGENCE—*when question one of law.* If the evidence and all reasonable inferences to be drawn therefrom are such that reasonable minds would say without hesitation, that the plaintiff was guilty of contributory negligence or that there was no negligence on the part of the defendant contributing to the injury, the question ceases to be one of fact and becomes one of law and it is

Cole v. City of East St. Louis, 158 Ill. App. 494.

the duty of the court to take the case from the jury, there being no issue of fact for it to try.

2. NEGLIGENCE—*duty of city with respect to streets.* It is the duty of a city to use reasonable care to keep its streets in a reasonably safe condition for public travel and this duty cannot be evaded or delegated to others.

3. NEGLIGENCE—*who cannot avail of defense of independent contractor.* If an injury occurs upon a public street of a city such city cannot successfully defend upon the ground that such injury was occasioned by the negligent manner in which a contractor did his work.

4. EVIDENCE—*what conclusions competent.* Witnesses are permitted to state without going into details whether the street is rough or smooth, whether the temper of animals is good or bad, whether the state of the weather is fair or not, whether a person is drunk or sober and many other like conclusions.

5. EVIDENCE—as to willingness to submit to physical examination. It is not error to sustain an objection to a question asked of the plaintiff as to whether or not she will submit to a physical examination by physicians of the defendant.

6. EVIDENCE—*when testimony of physicians competent.* Physiwho have treated the plaintiff in an action for personal injuries and who have not examined her simply for the purpose of testifying are competent to testify as to both objective and subjective symptoms.

7. NOTICES—*act in relation to giving notice, of personal injuries, to cities construed.* In a notice given to a city of a personal injury sustained upon one of its streets it is only required that the names of the physicians who have attended the person injured up to that time be given. A physician subsequently called is competent upon the trial.

8. INSTRUCTIONS—*when motion for peremptory should be denied.* If there is evidence fairly tending to prove the material averments of the declaration a motion to direct a verdict must be denied and the court cannot weigh the evidence.

9. INSTRUCTIONS—*as to immaterial facts.* An instruction pertaining to an immaterial fact need not be given.

10. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not work a reversal if no harm resulted.

11. INSTRUCTIONS—*must not ignore issues.* An instruction upon a particular subject is properly refused if it omits an essential element pertaining to the issue upon such subject.

12. VERDICTS—*when not excessive. Held,* in an action for personal injuries that a verdict for $7,000 while large, was not so excessive as to be apparently the result of passion or prejudice, where the evidence tended to show that the plaintiff at the time of the injury was twenty-eight years of age, strong and in good health and

where for some months after the injury she was confined to her bed and became a sufferer from paralysis and could only get about with the aid of crutches.

13. PLEADING—*when motion in arrest not sustained.* A motion in arrest is properly denied if the declaration was not challenged by demurrer and alleges the obligation of the defendant to observe a duty, the breach of that duty, the resulting injury to the plaintiff while exercising due care, and consequent damages to the plaintiff.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910. *Certiorari* denied by Supreme Court (making opinion final).

MAURICE V. JOYCE and CHARLES P. WISE, for appellant; C. E. POPE, of counsel.

W. M. VANDEVENTER, W. E. KNOWLES, C. B. WILLIAMS and D. J. SULLIVAN, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause was before this court on appeal and was reversed and remanded at the February Term, 1909. The opinion will be found in Volume 147 of the reports of this court at page 234. Another trial has resulted in a verdict and judgment in favor of appellee.

Appellee's declaration contained two counts both charging the appellant with the duty of exercising due care to keep its streets in a reasonably safe condition for public travel; that it was possessed of a public street in said city known as Ninth street in which the appellant negligently permitted to remain a dangerous obstruction and that while appellee in the exercise of reasonable care, and unaware of said obstruction, was driving along said street, she came in collision with said obstruction whereby she was thrown violently to the ground and injured.

The assigned errors urged here for a reversal of the judgment are: That the peremptory instruction asked by appellant should have been given; that the court

erred in ruling upon the admissibility of evidence and in its ruling upon instructions; that the verdict is contrary to the evidence, excessive and the result of prejudice, passion and sympathy; and that the court erred in overruling appellant's motion in arrest of judgment and for a new trial.

The alleged errors will be considered in their order.

It is claimed the evidence shows appellee to have been guilty of such contributory negligence as to bar a recovery and that appellant was guiltless of actionable negligence, wherefore appellant was entitled to have its peremptory instruction in either case.

To repeat an oft-announced rule, if the evidence and all reasonable inferences to be drawn therefrom were such that reasonable minds would say without hesitation that appellee was guilty of contributory negligence or that there was no negligence on the part of appellant contributing to the injury, the question ceases to be one of fact and becomes one of law, and it is the duty of the court to take the case from the jury there being no issue of fact for it to try. Werk v. Illinois Steel Co., 154 Ill. 427; C. & N. W. Ry. Co. v. Hansen, 166 id. 623; Hewes v. C. & E. I. R. R. Co., 217 Ill. 500.

If there is any evidence however fairly tending to prove the material averments of the declaration, the motion to direct a verdict must be denied and the court cannot weigh the evidence. Boyce v. Tallerman, 183 Ill. 115; C. C. Ry. v. Martensen, 198 id. 511; C. C. Ry. v. Gemmill, 209 id. 638; Hewes v. C. & E. I. R. R. Co., supra; Libby, McNeill & Libby v. Cook, 222 id 206.

Appellee at about nine o'clock on the night of August 28, 1907, was injured while driving a horse hitched to a buggy along a street in the city of East St. Louis, by her buggy coming in contact with a post standing in the street causing the horse to break loose from the buggy and appellee to be jerked over the dashboard and dragged some distance upon the ground.

It appears from the evidence that the point where

appellee was injured was on Ninth street between Lake and Natalie avenues. In January, 1907, appellant had passed an ordinance for the improvement of this street for a distance of about one mile in which was included the place of the accident. Appellant in May afterwards let the contract for the improvement and the contractor began in the same month to plow and grade the street. The street had formerly been a rock road and the rock plowed up was piled along the sides of the street at the sidewalk line. The work of plowing and grading was finished by July 27th, and there appears to have been no further work done at the point where appellee was injured prior to the day of her injury. When the contractor began the work of improvement, barriers were placed at the ends of Ninth street and at the intersections of cross streets to keep off the travel. These barriers were frequently removed, probably by persons desiring to travel the street. To provide a further barrier, posts were set in the street at two points and planks nailed thereto. One of these posts or barriers, was at the point of the accident to appellee, and one of the posts there was the one with which her buggy collided. Street closing notices had been put up at street intersections and there were arc lights at the intersections and officers had been detailed to watch the lights and barriers. Notwithstanding these precautions, the barriers were removed and the street travelled and there was evidence that from about the middle of August the street was continuously used and travelled by the public and that truck farmers hauling their produce to the city were passing over the street by day and by night. It was further shown that the street was one of the principal thoroughfares of East St. Louis and there was evidence that from the middle of August up to the time of the injury to appellee there was no sufficient barrier to keep the travel off the street from the south line of Exchange avenue to the city limits. There had been a barrier placed in the

street about a half block north of Exchange avenue
which had been removed from the center of the street
early in August, but a portion of the barrier had been
left on each side of the street near the curb upon which
a red light was placed at night. There was evidence
that no light was placed on the posts left in the street
at the place of the collision for some three weeks prior
thereto.

Appellee resided about three blocks from the south-
erly limit of the street between the point where the
improvement began and the business portion of the
city. She had not been where the improvement was
being made and did not know of it. She started to
drive over it after dark in company with a Mrs. Carter
on their way to a suburb beyond the end of the street.
They travelled over the usual route driving on to
Ninth street at Exchange avenue and driving along on
Ninth street to the city limits. They followed a wagon
on to Ninth street from Exchange avenue and along
Ninth street all the way. It is the testimony of appel-
lee and her companion that when they drove onto
Ninth street there was no barrier there and nothing to
indicate to them the street was not open to travel and
that the way showed it had been travelled by vehicles,
it being made smooth by travel. They testified they
drove the full length of the street and found no obstacle
or barrier in the way of travel; that they met and
passed several wagons on the street; that they saw
no barriers anywhere and no lights indicating danger
except two red lights a half block from Exchange
avenue outside of the travelled way; and that they did
not see the posts in the street with one of which the
buggy collided on the return trip. They further testify
that on the return trip, about a half block from the
posts, they met and turned out for a buggy and that
soon after their buggy collided with the post in the
street, resulting in appellee who had the lines in her
hands wrapped around her wrists, being pulled or
jerked over the dashboard. The post was in the middle

of the street and it was so dark there appellee could not see it.

Upon this testimony there was no error in refusing to hold appellee guilty of contributory negligence on the motion to direct a verdict.

It was the duty of appellant to use reasonable care to keep its streets in a reasonably safe condition for public travel and this duty cannot be evaded or delegated to others. Village of Jefferson v. Chapman, 127 Ill. 438.

The fact that the street is being improved by an independent contractor does not relieve the city from its duty to use reasonable care to keep the street in a reasonably safe condition. If the improvement is such it cannot be made with reasonable safety without closing the street, it is the duty of the city to close the street and to use reasonable care to keep it closed; and such duty cannot be delegated so as to absolve the city from liability. Nor can the city divest itself of its duty to supervise the improvements it directs to be made by making a contract therefor and exonerate itself from liability for an injury occasioned by the negligent manner in which the contractor does the work. Village of Jefferson v. Chapman, *supra;* Dillon on Mun. Corp., sec. 1027; Pettingill v. City of Yonkers, 15 Am. St. Rep. 442.

"Where a municipal corporation causes work to be done which is in its nature dangerous to the public, it is bound to take notice of the character of the work and of the condition in which it is left whether safe or dangerous." City of Chicago v. Johnson, 53 Ill. 91; Same v. Brophy, 79 *id.* 277.

There was ample proof that the street by reason of the posts left standing in it without lights to indicate their presence, was dangerous, and to suffer it to remain open to public travel and not to close it and keep it closed was evidence of negligence. There was no error in refusing to direct a verdict on the ground

there was no evidence of actionable negligence on the part of appellant.

It is further urged that the court erred in its rulings upon the evidence.

Witnesses were asked the condition of the street with reference to being smooth and answered, "It was smooth." There was no error in this.

It was not necessary to go into all the details to describe the condition of the street. The purpose was to inform the jury of its condition, whether rough, as indicating it was in process of improvement, and not travelled, or smooth as indicating it was travelled, and it could be described in no better way. Witnesses without going into details are always permitted to state the temper of animals, whether good or bad, the state of the weather whether fair or not, whether a person was drunk or sober, and many other conclusions, for the reason that such conclusions are better descriptions than the details would be which go to make up the condition.

The court refused to require appellee to answer the question whether she would submit to an examination by physicians to be selected by appellant. We are of opinion there was no error in this. The question was asked in the presence of the jury to which she by her counsel objected. Appellee was not required to submit to an examination and as the objection by her counsel amounted to a refusal to submit to it, the jury had no less advantage of it than if she had been required to answer. City of Chicago v. McNally, 227 Ill. 14.

The court permitted physicians to testify to objective and subjective symptoms in stating the nature of appellee's injuries. The physicians so testifying had been treating her and had not examined her simply for the purpose of testifying. In such case the testimony was proper and admissible. Greinke v. C. C. Ry., 234 Ill. 564. There was no error in permitting

the witness Dr. McElwee to testify because his name did not appear as an attending physician in the notice served upon the city. The notice was served November 6, 1907, and this witness was not called as a physician until July, 1909. The statute only requires the notice to contain the name of the attending physician at the time the notice was served.

We have carefully examined the instructions complained of given on behalf of appellee and so far as we can see they correctly state the law applicable to the questions involved in the case and are based upon the evidence introduced in support of appellee's contention. To enter into a detailed discussion of them would amount to no more than a reiteration that in our opinion no error appears and would unduly lengthen this opinion.

It is urged the trial court erred in refusing instructions offered by appellant. The first refused instruction stated that if there was a contract entered into by appellant with W. H. Hill whereby Hill was to do all the work and furnish the material in the improvement of the street, that Hill was an independent contractor. There was no dispute that Hill was such contractor but the fact was immaterial since appellee's right of recovery rested upon the negligence of the city notwithstanding such fact.

We see no objection to the second refused instruction. After reciting the conditions there it states that if the jury believe from the evidence appellee by a reasonable use of her senses could have avoided the injury, it was her duty to do so, and failing so to do would prevent a recovery. This instruction in effect required appellee to exercise ordinary care under the circumstances but as this duty was announced in other instructions, the refusal of the instruction was harmless.

The third refused instruction was to the effect that if an ordinance had been passed to improve the street,

the contract let, and the contractor had closed the street by order of the mayor and posted notices of warning, and had placed barricades in the street, and further believed from the evidence that appellee afterwards drove on said street in the night time while it was dark and drove against one of the posts she could not recover. This instruction directed a verdict without incorporating the material elements appearing from the testimony that the barricades were permitted to be and remain down and the street travelled by the public with posts remaining therein and other circumstances tending to show a want of reasonable care on the part of appellant in not keeping the street closed to travel. The instruction was properly refused.

The fifth refused instruction was not a correct statement of the legal duty of appellant and there was no error in refusing it.

It is urged that the verdict is excessive and the result of passion, sympathy and prejudice. The testimony shows appellee to have been twenty-eight years of age, strong and in good health. For some months after the injury she was confined to her bed and since then she has been a sufferer from paralysis which has affected the control of her bladder and bowels and she can only get about with the aid of crutches. There is ample evidence that her present condition is due to the injuries complained of and that they are permanent. While the verdict of $7,000 is large, yet in view of the injuries sustained it is not excessive, and we find nothing in the record to show it to have been the result of passion and prejudice.

It is further urged that neither count of the declaration is sufficient to sustain a cause of action, and that there was no averment of notice in the second count. The counts were not challenged by demurrer and upon examination of the declaration it appears to us the plaintiff's right, the obligation of defendant to observe a duty, the breach of that duty, the resulting injury

while the plaintiff was exercising reasonable care, and consequent damages are averred with sufficient certainty in both counts even upon demurrer. The action of the court in overruling appellant's motion in arrest of judgment was proper and as the evidence is sufficient to support the verdict, the court properly overruled appellant's motion for a new trial.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*