(No. 80-CC-0595– )

J. J. Altman & Company, Inc., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed July 1, 1982.*

Sterling and Altman, P.C. (Glenn A. Altman, of counsel), for Claimant.

Tyrone C. Fahner, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This claim arises from an accident which occurred while Respondent's employee was mowing brush along a public highway. On August 24, 1979, Claimant's employee was driving an automobile owned by Claimant on Lake Drive along the boundary to Frank Holten State Park near East St. Louis, Illinois. Kevin Ellis, an employee of the Illinois Department of Conservation, was operating a hog mower in the park area adjacent to Lake Drive. Some foreign object, either a rock or piece of wood, was thrown by the mower against the Claimant's automobile. The cost of repair was $141.00.

Neither party introduced any evidence at the hearing but rather submitted the case by stipulation upon the facts recited above. Claimant argues that these facts support judgment in its favor on the doctrine of *res ipsa loquitur.*

Respondent, as the owner of the real estate along Lake Drive at the site of the occurrence, had a duty to

take reasonable precautions against possible injury or damage to persons on the adjacent highway caused by any hazardous activity on the real estate. (*Andronick v. Daniszweski* (1932), 268 Ill. App. 543; *City of Joliet v. Harwood* (1877), 86 Ill. 110; *Village of Jefferson v. Chapman* (1889), 127 Ill. 438.) The doctrine of *res ipsa loquitur* may therefore be invoked to allow the trier of fact to infer that Respondent breached its duty to Claimant if the instrumentality which caused Claimant's damages was under the control or management of Respondent, if Claimant did not contribute to the damages, and if the damage was such that it would not have occurred except for negligence by Respondent's employee. *Smith v. General Paving Co.* (1978), 58 Ill. App. 3d 336, 374 N.E.2d 1134.

The facts to which both parties have stipulated show that Respondent had complete control of the mower. No evidence whatsoever was offered as to any action by Respondent to warn about the mowing or to prevent any foreign objects from being thrown by the mower. "When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from want of proper care." (*Feldman v. Chicago Railways Co.* (1919), 289 Ill. 25, 34; *Westchester Fire Insurance Co. v. State* (1972), 27 Ill. Ct. Cl. 327, 329.) No such explanation was offered by Respondent.

It is hereby ordered that damages of $141.00 be and hereby are awarded to the Claimant.