(No. 95-CC-0554—

EVELYN STARR and ALBERT STARR, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 7, 1999.*

JANSSEN LAW CENTER (JAY H. JANSSEN, of counsel), for Claimants.

JIM E. RYAN, Attorney General (DEBORAH L. BARNES, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

This matter is before the Court pursuant to briefs filed by both the Claimants and the Respondent. The case was previously tried in the Circuit Court of Tazewell County. The Appellate Court of Illinois, Third District, issued an opinion on October 31, 1997, vacating the judgment of the Circuit Court, stating that the Circuit Court lacked subject matter jurisdiction to hear the case. The matter was then brought before the Court of Claims and the parties agreed that, in place of another trial, they would submit the entire record of the proceedings to the Court for consideration and determination.

This claim arises out of an injury to the Claimant, Evelyn Starr, while driving her vehicle west upon Interstate 74 near Morton, Illinois on October 13, 1993. Her husband, Albert Starr, was a passenger in said vehicle. At the same time and place, an Illinois Department of Transportation employee, Joseph Ward, was operating a tractor-mower in the median of the highway. At the moment the Starr vehicle passed the tractor, Mr. Ward drove the tractor over a rock propelling it into the windshield of Starr's vehicle impacting on Evelyn Starr's face rendering her unconscious and severely injured. Evelyn Starr was taken to St. Francis Hospital in Peoria, Illinois and underwent surgery. She claims extensive and permanent injuries to her face, jaw and left eye. Her husband, Albert Starr, claims a loss due to loss of consortium for the injuries caused to the Claimant, Evelyn Starr.

During the course of the trial, Claimants presented instructions of department procedures for the mowing of grass. Of particular interest in the department regulations was section 14.11, which states that "to minimize throwing debris by rotary motors, police the right of way at least prior to the first mowing of the season." The evidence showed that construction had taken place between April 22, 1993, and October 13, 1993, with no mowing having been performed on that stretch of the highway. Typically, the area would have been policed prior to the first mowing of the season, but due to construction the grass had not been mowed and had attained three feet in height. On the day in question, Mr. Ward had not inspected the area prior to the mowing which took place on October 13, 1993. The tractor was being operated by Respondent Ward, at almost full throttle and in low gear resulting in the throwing of the rock which ultimately struck Claimant, Evelyn Starr.

Claimants rely on *J. J. Altman & Co., Inc. v. State* (1982), 35 Ill. Ct. Cl. 731, wherein the claimant sought judgment against the State for damages to its vehicle by debris propelled from a mower. The Court awarded the claimant damages on the theory of *res ipsa loquitor*. Since the claimant did not contribute to the damage, the State was in control of the instrumentality that caused the damage and the State did nothing to prevent the damage from occurring.

The Claimants argue this is similar to the facts of the current case and insufficient actions were taken by the State to prevent this from occurring.

The Circuit Court entered a judgment on behalf of the Claimants in the amount of $250,000 prior to it being overturned.

The Respondent denies any negligence on the part of the State in the operation of the tractor-mower.

Furthermore, the Respondent argued that the case should be denied because Claimants had failed to exhaust remedies in bringing a product liability claim against the manufacturer of the mower. The Court finds no support whatsoever to this claim.

The Respondent argues that the Respondent is immune from liability under the doctrine of public official immunity and cites *Currie v. Lao* (1992), 148 Ill. 2d 151. The purpose of the Doctrine of Public Official Immunity Act was to protect public officials in the performance of discretionary duties. We do not believe that the doctrine of public official immunity applies in the present case.

As to the negligence claim, the Court agrees with Claimants that the State was negligent in failing to comply with section 14.11 of the State departmental regulations requiring that an inspection be made prior to the

first mowing. Even if an inspection was made in April, roughly six months earlier, it would be tantamount to no inspection at all, given the fact that construction had occurred during the six months. Therefore, the Court finds that the State was negligent and said negligence resulted in the injuries to Claimants.

The Claimants argued that the tractor-mower was a vehicle and they should not be limited to the $100,000 damage limitations. However, the Court does not agree. *Black's Law Dictionary* defines vehicle as: "That in or on which a person or thing is or may be carried from one place to another * * *."

There have been many cases interpreting what is and is not a vehicle; however, I have found none decided by the Court of Claims. The courts have been consistent in stating that railroads and streetcars are not considered to be vehicles because they operate on a rail rather than on the road. Here the tractor which was pulling the mowers was not being operated on the roadway itself but was being used as equipment. The Court believes that it was the legislative intent that "vehicle," for purposes of the Act, meant vehicles being operated on the roadway. Therefore, the Court finds that the $100,000 limitation does apply and awards Claimant, Evelyn Starr, the sum of $100,000 and her husband, Albert Starr, the sum of $50,000 making a total of $150,000.