City of East St. Louis v. Giblin.

# CITY OF EAST ST. LOUIS
## v.
## JAMES GIBLIN, Adm'r.

1. CITY—LIABILITY FOR ACTS OF SERVANTS—WHETHER SERVANT OR CONTRACTOR.—If a person is employed by a city, in the character or relation of servant, to remove obstructions from the streets—as cutting down a tree— and by reason of the negligent, careless manner in which the work is done,

an injury results, the city would be liable for all damages occasioned thereby: but where the evidence shows that the mayor let the cutting of the tree to one C. for a stipulated sum; that C. employed men to assist him, who were under his control; *held*, that C. was an independent contractor, and the city was not liable; and the question whether the relation of master and servant existed between the city and him should not have been submitted to the jury.

2. MAYOR—DUTY TO PROTECT CITIZENS.—It is not the duty of the mayor of a city, by virtue of his office, to see that the lives and property of the citizens are properly protected. The powers and duties of mayor are wholly of an executive nature, and must be conferred or enjoined upon him by legislative enactment or municipal ordinance. The act creating the municipality of this city does not impose upon him such duty, nor does the record contain any ordinance that enjoins it upon him.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. R. A. HALBERT and Mr. J. M. FREELS, for appellant; that before the city would have had authority to order the tree cut, it must, by ordinance, have declared it to be a nuisance, cited City of Chicago v. Laflin, 49 Ill. 172.

Declaring it a nuisance would not make it so if in fact it was not: Ewbanks v. Ashley, 36 Ill. 177; Yates v. Milwaukee, 10 Wall. 497; Dillon on Mun. Cor. § 308.

The property of a citizen cannot be taken without a trial and judgment of a court of competent jurisdiction: Bullock v. Goemble, 45 Ill. 218; Willes v. Legris, 45 Ill. 289.

A municipal corporation is not liable for the unauthorized acts of its officers in administering an ordinance: Trustees v. Schroeder, 58 Ill. 353; Wood on Master and Servant, § 466; McDonald v. English, 85 Ill. 233.

Proof that a judgment had been recovered against the city for services in cutting the tree, should not have been admitted. It was irrelevant and prejudicial: Gilbert v. Bone, 79 Ill. 341.

If the tree was cut under a contract, the city would not be liable for the negligence of the contractor: Hale v. Johnson, 80 Ill. 185; 51 Pa. St. 475; 3 Gray, 349; 4 Allen, 138; 38 Barb. 653; 46 Pa. St. 213.

There was no evidence supporting plaintiff's instructions, and they should not have been given: Nichols v. Bradsby, 78 Ill. 44; Ryan v. Donnelly, 71 Ill. 100; Reinback v. Crabtree,

77 Ill. 182; Drohn v. Brewer, 77 Ill. 280; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309.

All reference to negligence of the deceased is excluded from the instructions: St. L. & S. E. R'y Co. v. Britz, 72 Ill. 256.

Mr. JAMES M. DILL, Mr. WM. C. KUEFFNER and Mr. THOMAS QUICK, for appellee; that the city had adopted the acts of the person cutting the tree, and is liable for the consequences, cited Dillon on Mun. Cor. § 770.

Though the work was done by a contractor, it was under the direction of the city, and it is liable: Nevins v. Peoria, 41 Ill. 502; Chicago v. Dermody, 61 Ill. 431.

TANNER, P. J.    This was an action of trespass on the case brought under the provisions of Chapter 70 Rev. Stat. 1874, to recover damages for the killing of Ellen Giblin. The cause was submitted to a jury and a verdict returned in favor of the appellee for fifteen hundred dollars. A new trial was asked, but denied, and judgment rendered for the amount of the verdict and costs. The cause is brought to this court by appeal and various errors assigned as cause for reversal of the judgment.

First.    That all instructions given for appellee were erroneous.

The jury were instructed that "if they believe, from the evidence, it was the duty of the city authorities to provide for the safety and security of its citizens, and to keep the streets and alleys in a condition for persons to travel thereon, and to prevent obstructions getting on said streets and alleys, and that the city employed Carroll as its servant, to cut down the tree in question in pursuance of that duty, because there was danger of the same falling and obstructing the adjacent alley, or injuring persons residing near it, and that the city, by the same agent or servant, negligently so cut and felled said tree as to cause the injury so complained of, when by the exercise of due and proper skill and care the accident might have been avoided, then the jury must find for the plaintiff."

If Carroll had been in the employment of the city in the

relation and capacity of a servant, and was careless or negligent in the performance of the work, the city would clearly be compelled to respond to all damages arising from the act. But does the evidence show this state of case? We think it does not. The record is neither silent nor contradictory upon this point. The appellee states that he heard a conversation between Carroll and the mayor, in which the mayor said: "Carroll, I have got another job for you; I want to get that big cottonwood tree down there between Third and Fourth and St. Louis avenue, cut down." Carroll said it was worth ten dollars to cut it and the mayor said he thought it was worth that much. Carroll states that he was employed by the mayor to cut the tree for the sum of ten dollars; that he employed men to assist; that they were under his control and paid by him. This is all of the testimony in relation to the employment of Carroll to do the work, and it does not even tend to show that the relation of master and servant existed between the appellant and Carroll. But it very clearly shows that Carroll was an independent contractor; that he performed the work for a stipulated price, and employed his own assistants; that they were under his own control and by him paid for their service. We are therefore of opinion that the court erred in giving to the jury the consideration of the question as to whether the relation of master and servant existed between appellant and Carroll. Further, the record shows that no negligence characterized the conduct of the mayor in the selection of the person to do the work. Carroll states that he had cut down as many as a hundred trees before this for the city, and his general competency to do such work is not questioned by the appellee. Shearman and Redfield, in their treatise on negligence, lay down the doctrine upon this point in these words: "One who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details, is clearly a contractor and not a servant." And this is the doctrine of our own court. Scammon v. The City of Chicago, 25 Ill. 424; Hale v. Johnson, 80 Id. 185.

City of East St. Louis v. Giblin.

The cases cited by the appellee do not to the least extent shake this doctrine, but they only hold that wherever the employer retains or exercises any controlling or supervising power over the employee in the performance of the work, the rule is different.    This undoubtedly is the rule, but the evidence in the case at bar does not admit of its application.

If it be conceded that Burke, in his testimony, uttered the truth in stating that the mayor was present at the falling of the tree, still it does not appear that he gave any directions or even spoke to Carroll in reference to the manner of doing the work. This isolated fact cannot be made the groundwork for any instruction to the jury from which even an inference can be drawn to establish the relation of master and servant between the city and Carroll.

Again, we think the instruction open to just criticism in authorizing the jury to determine a question of law.

In the second instruction, the jury were told that it was the duty of the mayor of East St. Louis, as the chief executive officer of the city, to see to the protection of the life and property of the citizens of said city; and that if in the exercise of that duty, under the law and within the scope of his official authority, he thought it necessary to cut down the tree in question, he had the right in behalf of the city to employ Carroll to cut the tree, and his acts in so doing, provided they were done by virtue of his lawful authority, would bind the city; therefore, if the jury believe from the evidence that under such circumstances Mayor Hake did employ Carroll to cut the tree, and that the cutting of it was necessary to protect the life and property of said citizens, then his acts in this behalf would bind the city."

The first proposition embodied in this instruction makes it the duty of the mayor, by virtue of his office, to see that the lives and property of the citizens of the city are properly protected.    We do not think this, as a proposition of law, can be maintained upon principle and authority.    The act of the General Assembly by which the municipality of this city was created does not impose such duty, nor does the record contain any ordinance that enjoins upon him such duty.    The powers and

duties of the mayor are wholly of an executive nature, and must be conferred or enjoined upon him by legislative enactment or municipal ordinance. Dillon, in his work on Municipal Corporations, Chap. 9, § 147, says; " The mayor is the head officer or executive magistrate of the corporation, but it is important to bear in mind that all his powers and duties depend entirely upon the provisions of the charter or constituent act of the corporation, and valid by-laws passed in pursuance thereof. It is usually made his duty, however, to see that municipal ordinances are executed."

The instruction then tells the jury " that if in the exercise of this duty under the law and within the scope of his official authority, the mayor thought it necessary to cut down the tree, * * * then he had the right to employ Carroll to cut the tree, and the city would be bound by his act." It is not clear to us as to what is meant by this part of the instruction.

If it is to be construed as telling the jury that when the mayor proceeded to discharge such duty according to municipal ordinance, it was error, because no ordinance was given in evidence which enjoined upon the mayor such duty. Again, the jury are told that if the mayor employed Carroll to cut the tree, and that the cutting of it was necessary to protect the life or property of the citizens, then the act of the mayor in this respect would bind the city.

We have examined the record carefully and have been unable to find any testimony showing or tending to show that the lives or property of the citizens were in any wise directly or remotely jeopardized by the tree in question. The justification for the act of the mayor and the supposed consequent liability of the appellant, should not be sought outside of the evidence given to the jury.

Other errors are assigned, but as the cause must be reversed and remanded for the errors already noticed, and those remaining relate mainly to matters of evidence, we think further examination unnecessary.

Reversed and remanded.