CITY OF STERLING

v.

VICTOR SCHIFFMACHER.

*Municipal Corporations—Negligence—Excavation in Street—Personal Injuries—Contributory Negligence—Absence of Light and Barrier—Independent Contractor.*

1. The rule that "the principle of *respondeat superior*" does not exist in cases of independent contracts, where the party for whom the work is to be done is not the immediate superior of those guilty of the wrongful act and has no choice in the selection of workmen, and no control over the manner of doing work under the contract, while true in a general way, has its exceptions.

2. Where a municipal corporation has the duty, either by express statute or implication of law, cast upon it, to keep its streets and crossings in a reasonably safe condition for public travel, such duty can not be delegated to another in whatever form it may be attempted, so as to free the corporation from liability for any injury occurring to another on account of such failure to observe such duty.

3. Where acts which cause a given injury are collateral to the contract work and are negligently done, the negligent person is alone responsible; but where the work contracted for is intrinsically dangerous in itself, and it is negligently done and injury ensues, the municipality is liable.

4. In an action brought to recover for a personal injury occasioned through plaintiff's falling into an excavation dug in a street in pursuance of a contract entered into by a city with a third person touching the construction of certain sewers, this court holds that the injury in question occurred on account of failure on the part of the city to use reasonable care to keep the streets in a reasonably safe condition, or of a failure to properly guard or light the dangerous excavation, a duty imposed by law upon it which it could not abdicate; that no notice to the city was

required that the ditch was not guarded nor lighted; and declines to interfere with the judgment for the plaintiff.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding.

The facts in this case are about as follows, viz: Some time prior to the 27th day of September, 1891, the appellant, the city of Sterling, was desirous of constructing a system of sewers in the city known as the "Avenue 'G' Sewer System;" that for the purpose of constructing such sewer the city entered into a contract with one Michael Real, by which he undertook to furnish all the material and labor and do all the work necessary for the construction and completion of the work; that in pursuance of such contract, the said Real entered upon the work by digging a ditch along and through Avenue "G," one of the streets mentioned in such "sewer system," and in order to construct such sewer through said avenue it was necessary to dig such ditch across Wallace street and at the point where the injury to appellee, hereafter to be mentioned, occurred.

Wallace street and Avenue "G" cross each other at right angles. A sidewalk is laid on the north side of Wallace street, extending from the east to west line of Avenue "G," and to connect the sidewalk on either side of Avenue "G," two planks were laid upon the ground parallel with said Wallace street and about one foot apart, and a ditch about one and one-half feet deep excavated at the place of injury. About seven or eight feet of this crossing near the middle of Avenue "G" had been removed by the employes of Michael Real on the day before the alleged injury.

On Sunday about eight o'clock P. M., the appellee going west on the north side of Wallace street and passing over the crossing at Avenue "G," coming to the point where the planks had been removed and the ditch dug, stepped off the walk and fell into the ditch, which was about one and one-half feet deep, and broke the third finger of his right hand

between the end of the finger and the first joint, necessitating amputation at the first joint.

The declaration charges the appellant with negligence in allowing the excavation to be made over which the crossing had been laid and to remain unguarded and unlighted, and also negligence in suffering the crossing to be removed from its place in Avenue " G," and permitting an excavation to be made in said avenue underneath and across the line of the crossing, and in leaving the same open and unguarded and unprotected, by means whereof the said injury occurred, the appellee at the time being in the exercise of due care and caution in attempting to cross the excavation.

The case was tried before a jury which returned a verdict for appellee for the sum of $465, upon which the court, after overruling appellant's motion for a new trial entered judgment. From this judgment this appeal is taken.

Messrs. H. C. WARD and C. J. JOHNSON, for appellant.

Mr. J. E. McPHERRAN, for appellee.

MR. JUSTICE LACEY. It is insisted by the appellant that the appellee is barred from recovery on account of his own negligence in not leaving the crossing and going around the end of the ditch, which at the time did not extend more than twelve feet south of the crossing, leaving half of Wallace street free from any ditch or excavation and the south end of the excavation being lighted by a lantern placed on a plank which rested upon a couple of barrels set on end. The evidence, however, conflicts as to there being any light at the south end of the ditch. Sachem, who fell into the ditch on the same evening at the same place, saw no light there. There was a kerosene lamp painted red at the manhole on the south side of Wallace street, thirty-seven feet south of the crossing, but it shed no light to the northward on the crossing in question, as testified to by some of the witnesses.

There was no barrier at the ditch at the crossing to

prevent any one walking into the ditch who was attempting to cross on the crossing, or any light at the same point to show that there was no plank across the ditch.

The testimony of the appellee was that while going across Avenue "G" while it was pitch dark, on this crossing from east to west, he fell into the ditch in question and was injured; that there was nothing to protect the ditch from any one walking into it, nor was there any light so that any one might see it. He further testified that he knew they were working there, but did not know they were working right under the crossing; he · saw them working north of there toward the railroad, but did not know the crossing had been taken up, or how far south they were with the excavation of the ditch; and there were no lights or guards or anything to notify him of the danger. If the jury believed this testimony, and it was justified in so doing, then the verdict was justified by the evidence, unless under all the facts the appellant was free from liability because the digging of the ditch had been let out to contractors, a question we will notice hereafter. It is contended by counsel for appellant that it is not liable, for the reason that it is not the superior in the case liable for the acts of its servants in excavating the ditch in question. It is insisted that the contract to do the work had been let out to one Michael Real, by which he was to furnish all the material and lumber and do all the work necessary in constructing the sewer and the work in digging the ditch and removing the plank at the crossing where the alleged injury occurred; and therefore it is urged that Michael Real was the superior, and responsible as the principal for the acts of his servants, who were guilty of the negligence charged and not the appellant. Also it is claimed, even if the appellant were liable for the negligence of the servants of Real in leaving the ditch unlighted and unguarded, the city had no notice of it, express or implied, from the lapse of time from the digging the ditch to the accident.

We have examined the question with considerable care and interest and have arrived at the conclusion the point

can not be sustained. It is no doubt true, as a general principle, as laid down by Dillon in his work on municipal corporations, Sec. 792, that "the principle of *respondeat superior* does not exist in cases of independent contracts, where the party for whom the work is to be done is not the immediate superior of those guilty of the wrongful act and has no choice in the selection of workmen and no control over the manner of doing work under the contract."

But this rule has its exceptions and the case at bar is one of them. The rule seems to be that where a municipal corporation has the duty, either by express statute or implication of law, cast upon it to keep its streets and crossings in a reasonably safe condition for public travel, then that duty can not be delegated to another in whatever form it may be attempted so as to free the corporation from liability for any injury occurring to another on account of such failure to observe such duty. This question has been expressly decided in City of Springfield v. LeClaire, 49 Ill. 476, and nowhere overruled. The court in passing on that case holds the following expressive language: "As the city is the principal in the duty imposed, it must occupy the same position when damages are claimed for a neglect of that duty. Neither the one nor the other can be shuffled off the city by their act."

Dillon, in his work on municipal corporations, Sec. 791–793, lays down the same doctrine in express terms. And in the latter section, after reciting the above rule, says: "But the employer is not liable where the obstruction or defect in the street causing the injury is wholly collateral to the contract work and entirely the result of the negligence or wrongful acts of the contractor or his servants. In such case the immediate author of the injury is alone liable."

As cases of this kind may be cited City of East St. Louis v. Giblin, 3 Ill. App. 219, where the city hired a man for a fixed sum to cause a tree within the city to be cut down, and in doing which it fell on the wife of the plaintiff and injured her so she died. The city was not liable for the reason that the party cutting the tree was held to be the

party guilty of the injury.   Also Joliet v. Harwood, 86 Ill. 110, where the party hired to do the work of blasting rock in the streets, did it in such a manner that a piece of the flying rock struck a window of Harwood, a man owning property on the street, and broke it.   The city was held liable on the grounds that the work contracted to be done was intrinsically dangerous in itself.   This under another rule of law.   Those cases illustrate the doctrine laid down in the exception; i. e., where the injury is caused by acts collateral to the contract work, and entirely the result of the negligence of the contractor.   The falling of the tree in the first case was entirely collateral to the duty of the city to keep the streets in repair, and was not immediately connected with it.   It was entirely the fault of the person cutting the tree.   The injury was not received on account of failure to keep the streets in safe condition, but because the act of felling the tree was careless; the same in regard to blasting the stone.   In that case the city was liable, not because of failure to keep the street in good repair or excavations guarded, but because the blasting the stone was intrinsically dangerous and the city when it let such contract and set such dangerous processes in motion is presumed to assume such responsibility and under such rule of law is held liable.   When all the rules of law applicable are fully understood, there is little difficulty in solving the problem under any given state of facts.   In the case at bar it is clearly seen that the injury occurred on account of failure on the part of appellant to use reasonable care to keep the streets in a reasonably safe condition, or in failure to properly guard or light the dangerous excavation; a duty imposed upon it by law, it could not abdicate.   No notice to the city was required that the ditch was not guarded nor lighted.   The city let the contract and knew the work was being done, and it was obliged to use reasonable care and see the streets were kept reasonably safe for pedestrians; hence it must take notice of everything done in connection with the excavation of the streets so far as concerned the reasonable safety of the streets and crossings.   We perceive

no variance between the proof and the declaration. Numerous criticisms are made on the instructions of appellee, which we have examined, and find them in accordance with the views we have above expressed touching the liability of the appellant for the negligence of its contractor Real and its servants, and concerning the question of appellant's notice to the failure of Real to properly light and guard the ditch and crossing. Some of appellee's instructions are given in form of general principles of law, and may seem to ignore the hypothesis of appellee's notice of the condition of the sidewalk at the time of the injury, though not necessarily obnoxious to such objection; but the appellant's instructions on that and all other disputed points are so full and explicit, that if the instructions are taken as a whole, there could be no possible danger for the jury to be misled.

It seems to us that upon the whole the case was fairly tried and the law laid down to the jury with substantial accuracy.

Perceiving no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*