### City of East St. Louis v. Michael Murphy.

1. CITIES AND VILLAGES—*Where Improvements Authorized by Ordinance Damage Private Property.*—If an improvement provided for by ordinance, and done in accordance with its provisions, necessarily damages a city lot, the city is liable, whether or not the improvement was made by an independent contract.

2. SAME—*One Authorizing Work is the Author of the Resulting Injury.*—One who authorizes a work, the natural consequence of which is an injury to the person or property of another, is justly to be regarded as the author of the resulting injury.

**Trespass**, for damaging city lot. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

**Statement.**—Suit in trespass for throwing sand, etc., on lot of appellee.

The first count of the declaration charges that appellant by its servants, etc., hauled, threw and deposited 50,000 yards of sand on the lot of appellee, breaking his house, etc.

The second charges that appellant passed an ordinance for the filling, grading, etc., of Sixth street, material to be used and work done according to plans and specifications prepared by the city engineer, and under the supervision of the mayor and city engineer; that the street in front of appellee's property was to be raised, filled, graded, etc., to

the proper grade along each side of the street as shown upon a profile made by the city engineer, which is attached and made a part of the ordinance; that appellant let the contract for said improvement, to be made according to the ordinance, plans, specifications, etc.; that the street was to be raised for its full width, to wit, ten feet above its natural level, and the level of appellee's property; that in order to make such embankment and fill in said street and prevent such filling from running upon plaintiff's lot, it was the duty of appellant to provide retaining walls or make other suitable provisions to confine and retain such filling material within and upon said street; that appellant negligently failed to make such provision, by reason whereof said filling, consisting of sand and dirt, as the same was placed on said street as directed by said city, extended over and was deposited upon appellee's property, wrecking his house, etc.

Demurrer to second plea overruled and general issue pleaded.

Judgment for $500 damages.

Appellant does not question the amount of damages, but defends upon the ground that the city is not liable, claiming that the contract for the improvement was an independent contract, the contractor furnishing all material and hiring all labor employed, and that the supervision and inspection of the city engineer and city inspector was only to see if the work was done according to the plans and specifications.

FOREMAN & BROWNING and DANIEL McGLYNN, attorneys for appellant.

JESSE M. FREELS, A. FLANNIGEN and M. V. JOYCE, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The ordinance contains the following provisions:

"It (the improvement) shall all be done under the supervision of the mayor and city engineer of said city."

"Upon all questions concerning the execution of the work, and the measurement thereof in accordance with the specifications, the decision of the mayor and city engineer shall be final."

"When the contractor is not present on the work, orders given by the engineer or inspector to any superintendent or foreman having charge of any particular work, shall be received and obeyed the same as if given to the contractor."

It will be seen from these provisions, that the city not only retained the supervision of the improvement, and the execution of the work through the contractor, but also in his absence had the right to give orders directly to his superintendent or foreman, and that such orders were to be obeyed. Such right of interference is not consistent with an independent contract, with supervision limited to seeing that the terms of the contract are complied with.

If the improvement could be reasonably made under the ordinance without casting sand upon the lot, and was made under an independent contract, with supervision by appellant limited to seeing that the contract was executed according to its terms, and without interference in its execution except to this extent, and without complicity in acts of the contractor in causing sand to be deposited on the lot of appellee, then the city is not liable.

If, however, the improvement provided for by the ordinance, and done in accordance with its provisions, necessarily cast sand upon appellee's lot and thereby damaged it as charged, then the city is liable whether or not the improvement was made by an independent contract. Economic Fuel Gas Co. v. Myers, 168 Ill. 146; 2d Vol. Dillon on Municipal Corporations, 2d Ed., Sec. 1031.

"One who authorizes a work  *  *  *  the natural consequence of which is an injury to the person or property of another, is justly to be regarded as the author of the resulting injury." Village of Jefferson v. Chapman, 127 Ill. 438.

In the latter case it is said:

" The village could not divest itself of its duty to control and supervise the improvements and repairs it directed to be made, by simply making a contract therefor.   If the contractor had authority to remove the apron, then the village could have reasonably foreseen the defect created by the contractor.   It was bound to know such removal would leave an open ditch, and that an open ditch of the depth and width of that shown in evidence, across a sidewalk, necessarily rendered the sidewalk unsafe for night travel, and in such case it was under obligation to the public to see either that guards were provided, or that the apron was replaced in such condition as to make it reasonably safe for pedestrians."

Applying this doctrine to the case at bar, if the filling of the street would necessarily cause an overflow of sand on the lot of appellee, and damage it in consequence thereof, the city could not relieve itself of liability by letting a contract for the improvement.

W. H. Hill, the contractor, testifies that " It would have been impossible to do it (to fill the street) as required by the plans and specifications, without the dirt and sand running on the lot and against the house as it did."   He also testified that " it was done all right, as ordered and directed by the city engineer."

Other witnesses testify that dumping the sand from cars on a track on the side of the street instead of shoveling it off, caused it to run over the lot and against the house.   The elevation of the top of the street as filled was about twelve feet above the level of the lot.   Frank Tarantino, a tenant living in the house, testifies:

" The sand pushed the house over, cracked it, while I was living there.   I complained to Hill about the dirt being thrown against the house.   He called the city engineer and he told Hill to go on and fill it up.   The street was not half filled then."

This statement is denied by the city engineer and by Hill.

If the jury believed the testimony of Hill, that " it would be impossible to do the work as required by the plans and specifications without the dirt and sand running on the lot and against the house as it did," or if they believed the

testimony of Tarantino that he "complained to Hill about the dirt being thrown against the house, and that Hill called the city engineer, and that the engineer told him to go ahead and fill it up," in either case their verdict, following such belief, should have been for appellee.

We are not prepared to say, conceding appellant's contention as to the law respecting independent contracts to be correct, that such finding upon either proposition of fact is so unsupported by evidence as to warrant setting aside the verdict. It was the improvement of a street, made under the eye of a city inspector and a city engineer, where, by an elevation of twelve feet, sand would naturally flow upon adjoining property, and where the injury was not the result of a single act, but of a continuance of acts, as the sand was dumped from time to time upon the street, and therefore known to the city through its agents who were supervising the work.

We find no reversible error in the instruction given for appellee.

The eighth and the ninth instructions asked by appellant were too broad, and the court did not err in refusing them.

The tenth refused instruction is misleading in failing to limit the superintendence by the city to seeing that the contractor did the work according to contract. A superintendence that authorizes an interference with workmen and authorizes directions to them as to their work, and how to do it, would make it liable for the acts of the workmen resulting from such interference.

Finding no reversible error in the record the judgment is affirmed.