James Fields, Appellee, v. City of Johnston City, Appellant.

Mary Mathis, Appellee, v. City of Johnston City, Appellant.

A. J. Follis, Appellee, v. City of Johnston City, Appellant.

1. MUNICIPAL CORPORATIONS—*when not responsible for negligence of independent contractor.* A municipal corporation is not responsible for the negligence of an independent contractor where it appears that the work about which such independent contractor was employed was not intrinsically dangerous and where such work was not such as a municipal corporation was under a primary and inalienable duty to perform by itself.

2. MEASURE OF DAMAGES—*when instruction is erroneous.* In an action for injury to real property it is error to instruct a jury that they may consider depreciation of such property in value where no permanent injury has been charged.

Actions in case. Appeals from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February. term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

DENISON & SPILLER, for appellant; J. E. CARR, of counsel.

PILLOW, SMITH & STONE and CLEMENS & SLATER, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

These three suits, in case, were brought by appellees to recover damages to their respective properties from the alleged negligence of the defendant, the city of Johnston City, a municipal corporation, in the construction and maintenance of its public sewerage system by which it is claimed by appellees that large quantities of water were caused to flow over and upon their property, thereby damaging the same. By agreement of the parties the three suits were consolidated

and tried by the same jury. The declarations, in substance, are the same in each case, and each declaration consisted of two counts. The first count charges that the plaintiff was lawfully possessed of certain premises (describing the same), which the plaintiff used and enjoyed as a residence property, but that the defendant, a duly incorporated city, wrongfully made or caused to be made a certain sewer, and wrongfully extended the same through and under a certain embankment or levee near to the premises of plaintiff in a careless, negligent and improper manner, and maintained said sewer through and under said embankment, or levee; and that by reason thereof large quantities of foul sewerage, rain and surface water ran and flowed through said sewer and through or under said embankment, to and emptied upon the premises of plaintiff, and thereby causing damage to plaintiff's premises. The second count is substantially the same as the first.

The defendant demurred, the demurrer was overruled, and the plea of not guilty filed, and issue joined. A trial by jury resulted in verdict with damages assessed in favor of each of the plaintiffs. A motion for new trial in each case was overruled and judgment rendered on the verdict. The defendant appealed.

Appellees filed in this court a motion to expunge from the bill of exceptions a purported amendment which was made at a term of the Circuit Court subsequent to that at which the judgment was rendered and after the expiration of time allowed for filing a bill of exceptions. The motion was taken with the case, but inasmuch as there is reversible error shown by the record without the amendment, we do not deem it necessary to decide the motion, but to settle questions of law likely to arise on another trial, will consider the errors assigned as though the amendment was legally authorized and properly allowed.

It appears in evidence that defendant, on or about the 1st day of December, 1906, entered into a written

contract with one H. H. Jenkins, to construct for it a sewerage system for the city, according to plans and specifications furnished; that the plan adopted was practical and of standard construction; that if the construction had been according to contract and specifications, there would have been no injury or damage to plaintiffs' property; that said sewer was not completed and accepted by defendant until after the time when it is claimed that water overflowed plaintiffs' premises; that during the construction and before the completion of said sewer there were heavy rains in the vicinity of Johnston City, and at times in which the sewer was to be laid water from the ditch or from some of the sewer pipes overflowed plaintiffs' premises; that at all of these times the mouth of the incompleted sewer was closed by sand bags placed therein, thereby preventing any water from entering said sewer at the mouth, which at that time had not been extended to the creek or proposed outlet. There is evidence in support of appellees' contention, that the sewer was defectively constructed, that the joints were not cemented nor the work in other respects done according to contract and specifications. Witnesses testify that the pressure of water in the sewer forced open the joints through which the water escaping filled the sewer trench and overflowed upon the plaintiffs' lots. It is claimed by appellees that the injuries complained of, the damages to their property, was caused by the negligent, careless and imperfect construction of the sewer in a public street of the city.

The only error to which appellant's argument is directed are those of the third and fourth assignment, the giving of the plaintiffs' instructions and the refusal of instructions offered by the defendant. All of appellant's refused instructions embody the propositions of law which would relieve the city of liability, on the ground that the damages for which the suits were brought were due to the negligence of an independent contractor engaged in the construction of a

city improvement. The first of appellant's refused instructions will best illustrate the proposition as presented to the court and is as follows:

"If you believe from the evidence that the sewer in question in these cases was constructed by H. H. Jenkins, an independent contractor, as explained in these instructions; and if you further believe from the evidence that the plans for constructing said sewer as furnished by said city to said contractor would not necessarily result in damage or injury to the property of the plaintiffs, then the defendant, city of Johnston City, would not be liable for any damages to the property of the plaintiffs caused by any negligent construction of said sewer, unless you further believe from the weight of the evidence that the said sewer, was completed and accepted by the said defendant city at or prior to the time of filing these respective suits."

Other instructions correctly defining an "independent contractor" and properly directing the application of the legal proposition to the facts in this case were tendered and refused. In this we think the court erred, for propositions as to liability for injuries caused by the negligence of an independent contractor substantially as stated in the instructions is the established law in this state, and is applicable under the facts which the evidence in this case tends strongly to prove. "The principle of *respondeat superior* does not as a rule extend to cases of independent contracts where the party for whom the work is to be done, is not the immediate superior of those guilty of the wrongful act, and has no choice in the selection of workmen, and no control over the manner of doing the work under the contract." 2 Dillon on Municipal Corporations, sec. 1028; Chicago v. Murdock, 212 Ill. 9. But, as said by Dillon, the rule does not apply where the contract directly requires the performance of work intrinsically dangerous, however skillfully performed. In Thompson on Negligence, Vol. 5, sec. 5803, the rule and exceptions are stated as follows: "A municipal corporation is not, however, liable for

the negligence of an independent contractor or his employes, unless the acts which caused the injury were done in pursuance of the contract itself, or otherwise under the direction of the city; or unless the act contracted to be done was intrinsically dangerous—such as blasting rocks, excavating for a subway in a street, and proceeding with the work so carelessly that a house abutting on the street falls into the excavation and is destroyed; or unless the act or omission of the contractor is a violation of some primary and inalienable duty of the city, such as the duty of keeping its streets in a reasonably safe condition for public travel; or unless the city, through its officers, reserves a general control over the contractors in respect to the mode and manner of doing the work." In East St. Louis v. Murphy, 89 Ill. App. 22, wherein the action was for damages caused by the contractor in filling and grading a street, and the rule under discussion was invoked, the court says: "If the improvement could be reasonably made under the ordinance without casting sand upon the lot, and was made under an independent contract, with supervision by appellant limited to seeing that the contract was executed according to its terms, and without interference in its execution except to this extent, and without complicity in the acts of the contractor in causing sand to be deposited on lots of appellee, then the city is not liable. If, however, the improvement provided for by the ordinance and done in accordance with its provisions, *necessarily* cast sand upon appellee's lot and thereby damaged it as charged, then the city is liable whether or not the improvement was made by an independent contractor." Where the work is intrinsically dangerous, or where the party employing the contractor is under a primary and inalienable duty, either by express statute or by implication of law, the rule does not apply. When the cause of injury is wholly collateral to the contract work and entirely the result of the negligence or wrongful acts of the contractor or

his servants, the contractor alone is liable. City of Sterling v. Schiffmacher, 47 Ill. App. 141. In all the cases cited by appellee wherein the question of independent contractor's liability is invoked, except one, the action was for personal injuries suffered by persons in the rightful use of the public streets or sidewalks of the city. In those cases and others of the class, the exception obtains and the city may not escape liability for negligence of the contractor for the reason that it is its legal duty to exercise reasonable care to keep its streets and sidewalks in a reasonably safe condition for public use, and it may not delegate that duty to a contractor and thereby escape liability. In City of Chicago v. Murdock, 212 Ill. 9, the city had let a contractor the construction of a water-tunnel, to do which it was necessary to blast the earth and rock with dynamite. The plaintiff's building was jarred and shaken by the explosion of dynamite in blasting, causing the walls to crack and settle, and it was for this injury to property that the suit was brought. The court holds that the work was intrinsically dangerous, and for that reason the city could not escape liability, though the damage were done by an independent contractor. Appellees rely upon the further statement made by the court in that opinion, that "another exception to the general rule applicable to the case is that where an individual or corporation does work pursuant to a special franchise or charter power, the doctrine of *respondeat superior* is applicable." The exception here stated has no application in the case at bar, for reasons made clearly apparent by the opinion of the Supreme Court in Foster v. City of Chicago, 197 Ill. 264. It was there held that the city was not liable for injuries caused by the negligence of an independent contractor engaged in constructing a sewer in a public alley, when the city under the contract had no more power of supervision than appears to have been reserved in the contract with Jenkins in this case. In the Murdock case, *supra,* the

entire work was under the immediate direction and superintendence of the Commissioner of Public Works, who had the power to select or reject material and labor. In that case as in the case of City of Chicago v. Dermody, 61 Ill. 431, which the court cites as authority, the statute and ordinance required the Commissioners to take charge of the work and see that it was performed according to plans and specifications. ''The requirement that the time and manner of doing the work must be satisfactory to the city's commissioners of public works does not include the means employed, and is limited by the provision of the contract. * * * The contractor was not required to take his orders day by day from the city. He was to be guided by the contract and the specifications constituting a part thereof. * * * He was an independent contractor, the city retaining such supervisory power as it might, from time to time, find it necessary to exercise to insure compliance with the contract and to obtain the result called for thereby.'' Foster v. Chicago, *supra*. The language quoted aptly applies to the contract between the appellant and Jenkins. It is not contended that the injury was caused by a defective sewer used by the city. The refused instruction is based upon evidence that the sewer had not been completed and had not been accepted by the city and was not in operation as a sewer when the overflow and injury occurred. If the plaintiffs had suffered injury to person or property because of the unsafe condition of the street, occasioned by the ditch, overflow of water, or other result from the negligence of the contractor, the city would be liable under all the authorities cited. We are of opinion that the rule as to liability for the negligence of an independent contractor is applicable under the evidence in this record. Otherwise, it would be to hold that the rule will never apply in actions against a municipal corporation.

The instructions as to the measure of damages were erroneous, because they directed the jury to consider

the depreciation in value of the premises as affected by the negligence charged. There is no evidence of permanent injury, nor was damages claimed by the declaration for any depreciation in the value of the property. Only the damages inflicted or sustained prior to beginning suit may be proved in this case. The overflow was not caused by a permanent, completed sewer, nor was such claim made. Under no theory warranted by the pleading and evidence could the plaintiffs recover for depreciation in the value of the property. The appellees' sixth instruction is subject to the criticism made by appellant. The measure of damages is not the same, whether the premises are occupied by the owner or by a tenant. In an action by the owner for injuries to premises occupied by a tenant, the loss in rent or cost of repairs made necessary by the injury done covers substantially all that may be considered in estimating damages; whereas the owner-occupant may have allowance for discomfort and inconvenience as well as expense of repair.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*