MARSHALL-PUTNAM FARM BUREAU, INC. *et al.*, Plaintiffs-Appellants, *v.* PHILLIP BISSELL SHAVER *et al.*, Defendants-Appellees.

(No. 72-238;

Third District—June 19, 1973.

Walter D. Boyle, of Hennepin, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria, and Earle V. Ryan, of Toluca, (George Brinkman, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiff Marshall-Putnam Farm Bureau, Inc., was the owner of a certain building located in the defendant City of Henry, adjacent to a building owned by defendant Shaver. The other plaintiffs were employees of the Farm Bureau and defendant Warner was the mayor of the City of Henry. Plaintiffs filed a fourteen count complaint. Count I alleges that defendant Shaver negligently abandoned his building and allowed it to deteriorate to a condition where it was likely to collapse at any time; that he failed to repair it or demolish it in violation of Illinois Revised Statutes 1969, chapter 127½, section 9. The count further alleges that Shaver's building did collapse, damaging the Farm Bureau and its building.

Count II alleges that the City of Henry had actual knowledge of the condition of Shaver's building and had been requested by the Farm Bureau to take action to remedy or alleviate the condition; that the city had a policy of insurance affording coverage to itself, and its officers and employees for liability for damages arising out of such occurrences; that such policy was contracted for pursuant to or by virtue of Ill. Rev. Stat. 1969, ch. 85, sec. 9—103; that the city negligently failed to seek the repair or demolition of Shaver's building in accordance with Ill. Rev. Stat. 1969, ch. 24, sec. 11—31—1, or its inherent emergency police power and negligently failed to act pursuant to Ill. Rev. Stat., ch. 127½, sec. 9.

The count then alleges the collapse of Shaver's building and the damages to the Farm Bureau.

Count III is identical to Count II, except it is against the defendant Warner, individually and as mayor of the City of Henry.

Count IV is identical to Count II, except it is based on willful and wanton conduct.

Count V is identical to Count II, except it is based on willful and wanton conduct.

Count VI is identical to Count II, except it is based on willful and wanton conduct and the added allegation that the defendant's conduct was contrary to Ill. Rev. Stat. 1969, ch. 85, sec. 2—202.

Count VII is identical to Count II, except it is against defendant Warner, for willful and wanton conduct contrary to Ill. Rev. Stat. 1969, ch. 85, sec. 2—202.

Count VIII is for certain employees of the Farm Bureau against Shaver.

Counts IX through XIV are for the employees against the city and Warner. These counts are based on the same respective theories of liability as Count I and Counts II through VIII. The damages alleged to the employees are for physical and mental discomfort, inconvenience and annoyance while working for the Farm Bureau during the period of the repair of the building.

Counts II through VII and IX through XIV were dismissed by the trial court on the grounds that they were barred by the provisions of Local Governmental and Governmental Employees Tort Immunity Act and were substantially insufficient in law.

Count VIII was dismissed on the ground that it was insufficient in law.

Plaintiffs elected to stand on the complaint as filed and have taken this appeal.

■■ The first question presented to us is the constitutionality of Ill. Rev. Stat. 1969, ch. 85, sec. 9—103, for the reason that it is a grant of a special privilege to local public entities to determine their own liability for tort. We consider this question to be settled by the supreme court of this state in Sullivan v. Midlothian Park District, 51 Ill.2d 274, 281 N.E.2d 659. The court there held that section 9—103 was neither arbitrary nor unreasonable and did not constitute special privilege or special legislation. We therefore hold, in accordance with the provisions of section 9—103, that the immunity granted to the defendant City of Henry, and its defendant Mayor Warner, for negligence by reason of the provisions of the Local Governmental and Governmental Employees Tort Immunity Act will be waived within the limits of a policy of insurance

shown to have been contracted for and issued in compliance of section 9—103.

The defendant city and mayor next argue that they did not owe any duty to the Farm Bureau. The defendant city and mayor actually take the position that a municipality owes no duty under any circumstances to the owner of a building adjacent to an abandoned building likely to collapse. The Farm Bureau argues that the city and mayor, because of their alleged actual knowledge of the dangerous condition of Shaver's building and the request to them by the Farm Bureau to remedy or alleviate the condition, created a special duty to afford protection to the Farm Bureau. *Huey v. Town of Cicero,* 41 Ill.2d 361, 243 N.E.2d 214.

■■■ The question of whether or not a duty was properly performed is a question of fact, but whether, under the facts, the law raises a duty is a question of law. (*Nelson v. Union Wire Rope Corp.,* 39 Ill.App.2d 73, 187 N.E.2d 425, 447; 31 Ill.2d 69, 199 N.E.2d 769.) We believe that Counts II through VII are so far sufficient in law as to afford the Farm Bureau the opportunity for a trial to prove facts sufficient to raise a duty as alleged.

■■ The defendant city and mayor take the position that assuming a duty, there can be no breach, and if there was a breach of duty, it was not the proximate cause of the Farm Bureau's damages. They argue that only a court can order the repair or demolition of a building under chapter 24, section 11—31—1, and that only a fine can be levied under chapter 127½, section 9, and that any action on their part would not have afforded any protection to the Farm Bureau. We cannot agree with this as a matter of law. The Farm Bureau is here also entitled to a trial on these issues. We believe the trial court erred in dismissing Counts II through VII inclusive.

■■ As to Counts VIII through XIV, we believe the trial court properly dismissed these counts. These counts asked for damages for the employees of the Farm Bureau unrelated to physical injury, ownership of the building or occupancy as an owner or tenant. No case has been cited to this court permitting recovery for great physical and mental discomfort, inconvenience and annoyance allegedly suffered by the employees in carrying on their employment duties for an owner or tenant of a building solely because of damage to the building.

Plaintiff cites *Schatz v. Abbott Laboratories, Inc.,* 51 Ill.2d 143, 281 N.E.2d 323. This was a case involving homeowners who suffered a loss of use of their residence and theatre owners and operators who sustained damage to their business. In the absence of a similar property interest in plaintiff employees in this case, the *Schatz* case does not apply.

*Fields v. City of Johnston City*, 143 Ill.App. 485, also involved a property interest of owners or tenants and does not apply to this case.

For the reasons hereinbefore given, that portion of the order dismissing Counts II through VII is reversed and the cause is remanded to the trial court for further proceedings. That portion of the order dismissing Counts VIII through XIV is affirmed.

Affirmed in part and remanded in part.

ALLOY, P. J., and STOUDER, J., concur.