ARTHUR L. DEVONSHIRE *et al.*, Plaintiffs-Appellants, *v.* R. W. HARPER, JR., *et al.*, Defendants-Appellees.

Fifth District   No. 80-82

Opinion filed January 9, 1981.

Ruth A. Gosnell, of Lawrenceville, for appellants.

Douglas A. Enloe, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee City of Lawrenceville.

Mr. JUSTICE KARNS delivered the opinion of the court:

The plaintiffs appeal from the judgment of the Circuit Court of Lawrence County dismissing their complaint as to the defendant city of Lawrenceville, Illinois. In their original complaint, the plaintiffs alleged that they owned or occupied buildings located next to a three-story building at 711-713 Twelfth Street in Lawrenceville, owned by certain of the defendants, which had partially collapsed. The plaintiffs sought an injunction requiring that the partially collapsed building be demolished or repaired, and plaintiff Devonshire sought damages for harm to his building. Subsequently, the plaintiffs filed an amended complaint naming the city of Lawrenceville as a defendant.

In their amended complaint the plaintiffs alleged that the city of Lawrenceville had the duty of maintaining the health and safety of its citizens; that on or about July 17, 1977, the city made a public health inspection of the building at 711-713 Twelfth Street; that the city mailed to the owners a report of the inspection stating that if the building were not repaired before August 1, 1977, the city would take action to repair or remove the building; that no one repaired the building, but the city nevertheless failed to demolish or repair "* * * the aforedescribed building determined by the city to be dangerous and unsafe, in violation of I.R.S. Chapter 11"; and that as a result of the city's negligent failure to cause the demolition or repair of the building, portions of it collapsed upon and

damaged the adjoining building owned by plaintiff Devonshire and occupied by plaintiff West Side Cigar Store Ltd.

In its motion to dismiss, the city maintained that the plaintiffs had failed to allege any facts that would establish the existence and breach of a duty owed by the city to plaintiffs, proximately resulting in the damages alleged by the plaintiffs. The city also claimed immunity under sections 2—103 and 2—105 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, pars. 2—103, 2—105). The trial court granted the motion and entered judgment dismissing the city from the plaintiff's suit, finding that the matters raised by the city's motion were well taken.

The plaintiffs now rely on the theory that the city was negligent in failing to remove or repair the building that collapsed. They argue that a duty of care existed because the determination of whether to proceed with demolition or repair of the building was a corporate, ministerial, or proprietary function, rather than a governmental function. At the hearing on the motion to dismiss, apparently the plaintiffs informed the court that their citation in the amended complaint to "I.R.S. Ch. 11" was an attempt to refer to section 11—31—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—31—1). This statute provides for application by municipal authorities to the circuit court for an order authorizing the demolition or repair of unsafe, uncompleted, or abandoned buildings in the municipality. Regarding the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 1—101 et seq.), the plaintiffs argue only that there is a general tendency to restrict its application and that the limitation of action and notice of injury provisions (Ill. Rev. Stat. 1979, ch. 85, pars. 8—101, 8—102, 8—103) are not applicable in this case.

Together with asserting various defects in the complaint, the city contends rather persuasively that the decision of whether to institute a proceeding seeking the demolition or repair of private property is a governmental function that must be left to the discretion of the municipality. Otherwise, it is argued, a city might be said to have the insurmountable duty of filing suits seeking authority to demolish or repair every building within the city in need of demolition or repair. The city also asserts its statutory immunity under sections of the Local Governmental and Governmental Employees Tort Immunity Act. Section 2—103 provides that a city is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law. (Ill. Rev. Stat. 1979, ch. 85, par. 2—103.) Section 2—105 provides that a city is not liable for injury caused by its failure to inspect, or its inadequate or negligent inspection, of any property not its own, to determine whether the property complies with or violates any enactment or contains or consti-

tutes a hazard to health or safety. Ill. Rev. Stat. 1979, ch. 85, par. 2—105.

*Marshall-Putnam Farm Bureau, Inc. v. Shaver* (1973), 12 Ill. App. 3d 402, 299 N.E.2d 10, rejected a city's contention that it had no duty to seek the demolition or repair of an abandoned building, which allegedly collapsed and damaged an adjacent building owned by the plaintiff. The plaintiff was held to have stated a cause of action by alleging that the city's actual knowledge of the dangerous condition, together with the plaintiff's request that the city remedy the condition, created a special duty to protect the plaintiff that was breached by the city's failure to seek repair or demolition of the building.

However, *Marshall-Putnam* reached the issue of whether the complaint sufficiently alleged a duty and breach thereof only after holding that the city's immunity under the Local Governmental and Governmental Employees Tort Immunity Act would be waived within the limits of an insurance policy shown to have been contracted for by the city and issued in compliance with section 9—103 of the Act. (Ill. Rev. Stat. 1979, ch. 85, par. 9—103.) The plaintiff's complaint in *Marshall-Putnam* alleged that the city had an insurance policy contracted for pursuant to section 9—103 affording coverage against liability arising from occurrences of the type involved in the case.

We might well question the correctness of the apparent conclusion in *Marshall-Putnam* that the city's actual knowledge of a "dangerous condition" in a building may create a duty for the city to protect an adjacent owner by filing suit for authority to repair or demolish the dangerous building. However, even accepting this conclusion, the plaintiffs' complaint was properly dismissed here, where there was no allegation that the city waived its statutory immunity by obtaining insurance covering the liability asserted.

*Marshall-Putnam* plainly treated this allegation as essential to avoid dismissal on the ground of statutory immunity. Although the defendant here asserted statutory immunity as a ground for dismissal, the plaintiffs have not sought to amend their complaint as against the city or to otherwise assert that the city had liability insurance sufficient to waive its statutory immunity. This failure suggests that the necessary ground for waiver of immunity does not exist. In any event, under the circumstances here, the plaintiffs had no unconditional right to amend their complaint to supply the necessary allegations following the court's dismissal with prejudice as against the city. *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114.

The judgment of the Circuit Court of Lawrence County is affirmed.

Affirmed.

KASSERMAN, P. J., and HARRISON, J., concur.